[Crim. No. 4748.   Second Dist., Div. One.   Apr. 14, 1952.]

THE PEOPLE, Respondent, v. CARL STEWART HARRIS, Appellant.

Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

DORAN, J.—The notice of appeal is as follows:

"I hereby give Notice to the District Court of Appeals from the denial of the Motion to Certify my above case for Investigation and re-hearing to the Probation Dept. From the denial of the motion to suspend Proceedings for the purpose of a Sex Psychopathy Hearing, from a denial of the appointments of Psychy, and from a denial of all other requests and Motions by me, thru my respective Councils on the 28th

day of September, and denied by the Honorable Percy Hight Sitting as Judge.

Oct 8-51''

There is no merit whatever to the appeal.

The record reveals, as noted briefly by respondent, that

''By information appellant was charged with two counts of incest, alleged to have been committeed upon his own daughter. Appellant entered pleas of not guilty and not guilty by reason of insanity. Psychiatrists were appointed under Section 1027 of the Penal Code. In a trial by jury appellant was found guilty as charged. Leave to file application for probation was granted. Appellant was sentenced to the state prison for the term prescribed by law, sentences to run concurrently. Thereafter an appeal was taken and the judgments were affirmed. Remittitur issued on August 27, 1951 and was filed with the County Clerk on September 4, 1951. On September 4, 1951, appellant filed a ''Notice of Intention to Petition for a Writ of Error Coram Nobis.''

. . . . . . . . . . . . . .

''When the matter came on for hearing on September 28, 1951, the Deputy District Attorney pointed out that the judgment of conviction was final and that under Penal Code Section 1265 the trial court had no jurisdiction to entertain a writ of error *coram nobis*; that the application for such writ should be made to the District Court of Appeal. Thereupon the court denied that petition.

''Appellant's counsel made an argument based upon the affidavit of the prosecutrix heretofore set forth, and the court was asked to re-refer the matter to the probation department upon verbal motion. The court was of the opinion that it was not for the probation department to decide facts; that facts should be decided by the proper court. He further observed that there was evidence adduced at the trial which corroborated the girl's testimony. Reconsideration of probation was denied.

''The court also denied appellant's oral request that proceedings be suspended and psychiatrists be appointed to determine whether appellant is a sexual psychopath.''

Accompanying the notice was the usual affidavit.

It is contended on appeal that:

''1. The court erred in refusing appellant's motion under the sexual psychopathy provisions of the Welfare and Institutions Code;

"2. That the court erred in refusing permission to re-refer the case to the probation department."

The record reveals that the action of the trial judge in connection with and as a result of defendant's immaterial contentions was valid in every respect. It would serve no useful purpose to detail the arguments. As above noted the appeal is without merit.

Affirmed.

White, P. J., and Drapeau, J., concurred.